IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2004

STATE OF TENNESSEE v. JOSEPH CARL GANUS

Appeal from the Circuit Court for Hardin County
No. 8274     C. Creed McGinley, Judge

No. W2003-02589-CCA-R3-CD - Filed September 7, 2004

The Appellant, Joseph Carl Ganus, appeals the sentencing decision of the Hardin County Circuit
Court.  Ganus pled guilty to Violation of the Motor Vehicle Habitual Offender (MVHO) statute and
DUI, third offense.  Following a sentencing hearing, Ganus was sentenced to four years confinement
in the Department of Correction for violation of the MVHO statute and to eleven months and twenty-
nine days for DUI, third offense.[1] These sentences were ordered to be served concurrently.  On
appeal, Ganus argues that the trial court erred:  (1) by not granting him a non-incarcerative sentence
and (2) by improperly weighing enhancing factors in establishing the length of his sentence.  After
review of the record, we find no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES  and ROBERT
W. WEDEMEYER, JJ., joined.

Richard W. DeBerry, Assistant District Public Defender, Camden, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer
Bledsoe, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and John
W. Overton, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On May 18, 2003, the Appellant lost control of the vehicle he was driving, and during the
resulting "crash," was ejected from the vehicle.  After arriving at the scene, officers charged the
Appellant with DUI and Violation of the MVHO statute.  In his statement to the pre-sentence officer,

---

[1]No authority or argument is set forth in the Appellant's brief with regard to his DUI sentence.  The issues of
alternative sentencing and application of enhancing factors for sentence length are relevant only to a felony sentence.
Accordingly, review is limited to the Appellant's four-year felony sentence.

the Appellant advised, "I don't remember much about the incident because I was under the influence." The Appellant was subsequently indicted for these crimes.

After pleading guilty to DUI, third offense, and violation of the MVHO statute, a sentencing hearing was scheduled for September 25, 2003. The Appellant, however, failed to appear for the hearing as previously directed. The trial court nonetheless proceeded with the sentencing hearing in the Appellant's absence.[2]

The terms of the plea agreement provided that the Appellant would be sentenced as a Range II, multiple offender, and that the trial court would determine the length and manner of service of the MVHO sentence. The pre-sentence report, which reflects thirty-seven prior misdemeanor and felony convictions, was introduced at the hearing. Additionally, the following felony history of the thirty-year-old Appellant is noted:

| | |
|---|---|
| 03-20-97 | Placed in community corrections program |
| 03-30-98 | Revoked |
| 07-31-98 | Placed on state probation through determinate release statue |
| 01-20-00 | Revoked |
| 01-11-01 | Discharged from TDOC due to expiration of sentence |
| 01-22-02 | TDOC (new conviction) |
| 05-07-02 | TDOC (new conviction) |
| 11-08-02 | Determinate release and detainer to Missouri, but Defendant did not report to TN probation/parole office. |

Following the sentencing hearing, the trial court sentenced the Appellant, as a Range II, multiple offender, to four years in the Department of Correction, that being the maximum sentence for this Class E felony.

**Analysis**

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in

_____

[2]The record offers no explanation for the Appellant's absence from the sentencing hearing.

the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

The Appellant contends that he should have been granted an alternative sentence because the record indicates "that he is amenable to rehabilitation through an alternative program such as Community Corrections that the Court could monitor." He asserts that the State introduced no evidence to show that confinement was necessary to protect society and that the pre-sentence report showed a potential for rehabilitation.

The trial court denied all forms of alternative sentencing because "of [the Appellant's] prior criminal record, also his failure to abide by terms and conditions of release into the community, he's been unable, basically, to abide by parole or probation in the past." The record supports this finding. Moreover, the Appellant does not enjoy the presumption favoring an alternative sentence because he was convicted as a Range II, multiple offender. *See* Tenn. Code Ann. § 40-35-102 (b) (2003). Finally, we would seriously question whether a defendant who cannot show up for his scheduled sentencing hearing could follow the rules of extended probation. The Appellant has not met his burden of demonstrating the impropriety of the trial court's denial of alternative sentencing. Accordingly, we affirm the denial of an alternative sentence.

Next, the Appellant asserts that the trial court incorrectly weighed the two enhancement factors which it found applicable and contends that this resulted in an excessive sentence. The trial court found that the Appellant had a prior history of criminal convictions and that he had a history of failing to abide by the terms and conditions of release into the community. *See* Tenn. Code Ann. § 40-35-114(2), (9) (2003). The Appellant does not challenge the applicability of these factors, and we agree that the pre-sentence report amply established both. The Appellant does not dispute that he has seven prior felony convictions and over thirty prior misdemeanor convictions. Nor does he dispute the fact that he has previously been placed on probation and community corrections programs and has been revoked from both. The Appellant merely asserts that his resulting sentence was not proportionate to the weight which should have been given the enhancement factors in light of the fact that a majority of his prior convictions were misdemeanors. We disagree. We conclude that the trial court was well within its discretion to attribute great weight to the Appellant's voluminous criminal record and his prior violation of two alternative sentencing programs. We find no error in the imposition of the four-year sentence.

## CONCLUSION

After review of the issues before us, we conclude that the Appellant has failed to establish that his sentence of total confinement was improper or that the length of the sentence was improperly determined. Accordingly, the judgment of the Hardin County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE